UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ELAINE A. BROWN, and ) | Criminal No. |
| EDWARD LEWIS BROWN, ) | |
| ) | |
| Defendants. ) | |

# **INDICTMENT**

The Grand Jury charges that:

COUNT ONE
Conspiracy to Defraud the United States
18 U.S.C. § 371

*The Conspiracy*

1.   From on or about April 14, 1997, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of this indictment, in the District of New Hampshire, defendants,

Elaine A. Brown, and
Edward Lewis Brown,

residents of Plainfield, New Hampshire, did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other, and with other individuals both known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue: to wit, federal income taxes and employment taxes.

*Parties, Persons and Entities*

2. At all relevant times, Defendant Elaine Brown was a self-employed dentist operating under the name Half Hollow Dental Center.

3. At all relevant times, Defendant Edward Brown was Defendant Elaine Brown's husband.

*Manner and Means*

4. The manner and means by which the conspiracy was sought to be accomplished included preventing the IRS from assessing and collecting taxes by, among other things:

   a. filing a joint tax return for 1996 falsely reporting that the Defendant Elaine Brown and Defendant Edward Brown earned no or virtually no taxable income that year;

   b. failing to file any returns for any tax year since 1996;

   c. establishing a trust through which the revenues of Defendant Elaine Brown's dental practice were funneled;

   d. refusing to provide state tax authorities information from which Defendant Elaine Brown's and Defendant Edward Brown's income could be determined or estimated;

   e. failing to collect payroll taxes from employees of Defendant Elaine Brown's dental practice; and

   f. structuring financial transactions to avoid the currency transaction reporting requirements of federal law.

*Overt Acts*

5.  In furtherance of the conspiracy, and to achieve the objects thereof, the following overt acts were committed in the District of New Hampshire, and elsewhere:

   a.  in 1996 or early 1997, Defendant Elaine Brown stated to her tax return preparer, in sum and substance, that she had concluded that taxes were voluntary and that she had decided not to participate;

   b.  on or about April 13, 1997, Defendant Elaine Brown and Defendant Edward Brown sent to the IRS a letter stating, in sum and substance, that: (i) there was no law establishing liability for the federal income tax; (ii) there was no requirement that anyone file a federal income tax return; and (iii) in any event, the Browns were not U.S. citizens, the Browns were non-residents for federal income tax purposes and that thus the Browns were not subject to the federal income tax laws.

   c.  on or about April 14, 1997, Defendant Elaine Brown and Defendant Edward Brown sent to the Internal Revenue Service a joint IRS Form 1040 federal income tax return for 1996 reporting gross income of $599 and a total federal income tax liability of $0;

   d.  on or about April 14, 1997, Defendant Edward Brown sent to the IRS a letter stating, in sum and substance, that he would not pay any more taxes to the federal government until a "full and proper" investigation proves the legitimacy of the IRS and the individual federal income tax;

e. before or about June 30, 1997, Defendant Elaine Brown asked an employee in her office to serve as a trustee of the Rock Solid Trust;

f. before or about June 1997, Defendant Elaine Brown requested that the IRS assign a Taxpayer Identification Number to the Rock Solid Trust;

g. on or about June 30, 1997, Defendant Elaine Brown executed one or more documents purporting to establish a trust called the Rock Solid Trust and to transfer her ownership interest in her dental practice to the Rock Solid Trust;

h. on or about June 30, 1997, Defendant Elaine Brown executed a signature card adding the name "Rock Solid Trust" to the operating bank account of Defendant Elaine Brown's dental practice;

i. in or about March 1999, Defendant Elaine Brown wrote a note to another tax return preparer, stating, in sum and substance, that the Rock Solid Trust was a "common-law pure" trust and had no federal income tax liability;

j. on or about May 23, 1999, Defendant Elaine Brown sent a letter to the New Hampshire Department of Revenue Administration stating, in sum and substance, that the Rock Solid Trust was not subject to the federal income tax because it was a "common-law-pure trust;"

k. on or about November 5, 1999, Defendant Elaine Brown notified at least one insurance provider, in sum and substance, that, "for IRS reasons," payments of assigned patient benefits for services she rendered should be made payable to the Rock Solid Trust;

l.  on or about January 21, 2000, Defendant Edward Brown stated in a telephone conversation with a representative of the New Hampshire Department of Revenue Administration, in sum and substance, that: (i) the state business tax laws were incorrect and thus null and void; and (ii) labor cannot be taxed;

m.  on or about August 22, 2000, Defendant Elaine Brown sent a letter to an insurance provider requesting that payments for assigned benefits be made payable to the Rock Solid Trust instead of her;

n.  on or about April 27, 2001, Defendant Elaine Brown purchased postal money orders in an aggregate amount of approximately $2800;

o.  on or about April 28, 2001, Defendant Elaine Brown purchased postal money orders in an aggregate amount of approximately $2800;

p.  on or about November 30, 2001, Defendant Edward Brown purchased postal money orders in an aggregate amount of approximately $2800;

q.  on or about November 30, 2001, Defendant Elaine Brown purchased postal money orders in an aggregate amount of approximately $2800;

r.  in or about January 2002, Defendant Elaine Brown instructed the person or persons responsible for office payroll to stop deducting withholding and federal employment taxes from her employees' pay;

s.  in or about January 2002, Defendant Elaine Brown told her employees, in sum and substance, that she and Defendant Edward Brown had decided to treat the employees of Elaine Brown's dental practice as independent contractors for purposes of withholding federal income taxes and federal employment taxes;

t.  in or about 2002, Defendant Elaine Brown notified her patients, in sum and substance, that, effective September 1, 2002, she would no longer accept assignments of insurance benefits as payment for services and that she expected patients thereafter would pay in full at the time of their appointments and receive their insurance benefits directly from their insurance providers;

u.  on or about June 17, 2002, Defendant Elaine Brown notified at least one insurance provider, in sum and substance, that, effective September 1, 2002, she would no longer be a participating provider of that carrier, insured patients would be submitting their own claim forms for services she provided and payment of claims should be made not to her but directly to the insured patients;

v.  before or about February 2003, Defendant Elaine Brown caused her dental practice to report the income paid by her dental practice to employees for tax year 2002 as non-employee compensation on IRS Forms 1099 instead of employee wages on IRS Forms W-2;

x.  before or about February 2004, Defendant Elaine Brown caused her dental practice to report the income paid by her dental practice to employees for tax year 2003 as non-employee compensation on IRS Forms 1099 instead of employee wages on IRS Forms W-2;

y.  on or about November 18, 2004, Defendant Elaine Brown stated to agents of the IRS, in sum and substance, that the Rock Solid Trust had no legal obligation to pay taxes;

z.  on or about November 18, 2004, Defendant Edward Brown stated to a U.S. Postal Inspector and others, in sum and substance, that he would never pay income taxes, even if ordered to do so by the courts; and

aa.  on or about December 2, 2004, Defendant Edward Brown stated to agents of the IRS, in sum and substance, that the income tax was not constitutional or lawful and that he was "not paying it."

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
Tax Evasion (1999); Aiding and Abetting
26 U.S.C. § 7201; 18 U.S.C. § 2

6.      During calendar year 1999, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, had and received taxable income in the sum of approximately $269,284; that upon said taxable income there was owing to the United States of America an income tax of approximately $96,969; that well-knowing and believing the foregoing facts, Defendant Elaine Brown, on or about April 15, 2000, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by her to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2000, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct income.

   In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT THREE
Tax Evasion (2000); Aiding and Abetting
26 U.S.C. § 7201; 18 U.S.C. § 2

7.     During the calendar year 2000, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, had and received taxable income in the sum of approximately $201,466; that upon said taxable income there was owing to the United States of America an income tax of approximately $70,946; that well-knowing and believing the foregoing facts, Defendant Elaine Brown, on or about April 17, 2001, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by her to the United States of America for said calendar year by failing to make an income tax return on or before April 17, 2001, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct income.

   In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT FOUR
Tax Evasion (2001); Aiding and Abetting
26 U.S.C. § 7201; 18 U.S.C. § 2

8. During the calendar year 2001, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, had and received taxable income in the sum of approximately $164,327; that upon said taxable income there was owing to the United States of America an income tax of approximately $56,991; that well-knowing and believing the foregoing facts, Defendant Elaine Brown, on or about April 16, 2002, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by her to the United States of America for said calendar year by failing to make an income tax return on or before April 16, 2002, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct income.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT FIVE
Tax Evasion (2002); Aiding and Abetting
26 U.S.C. § 7201; 18 U.S.C. § 2

9. During the calendar year 2002, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, had and received taxable income in the sum of approximately $346,654; that upon said taxable income here was owing to the United States of America an income tax of approximately $124,862; that well-knowing and believing the foregoing facts, Defendant Elaine Brown, on or about April 15, 2003, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by her to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2003, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct income.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT SIX
Tax Evasion (2003); Aiding and Abetting
26 U.S.C. § 7201; 18 U.S.C. § 2

10. During the calendar year 2003, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, had and received taxable income in the sum of approximately $328,975; that upon said taxable income there was owing to the United States of America an income tax of approximately $110,510; that well-knowing and believing the foregoing facts, Defendant Elaine Brown, on or about April 15, 2004, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by her to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2004, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct income.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNTS SEVEN THROUGH FOURTEEN
Willful Failure to Collect Employment Taxes; Aiding and Abetting
26 U.S.C. § 7202; 18 U.S.C. § 2

11.     During the calendar quarters set forth below, in the District of New Hampshire, defendant,

Elaine A. Brown,

a resident of Plainfield, New Hampshire, who conducted a business as a sole proprietorship under the name and style of Half Hollow Dental Center and as a trust under the name and style of Rock Solid Trust, with its principal place of business in Lebanon, New Hampshire, willfully failed to collect from the total taxable wages of the business' employees federal income taxes and Federal Insurance Contributions Act taxes in the approximate amounts set forth below, which were due and owing to the United States:

| Count | Calendar Quarter | Total Quarterly Taxable Wages | Total Payroll Taxes Due and Owing |
|---|---|---|---|
| Seven | 1Q 2002 | $ 54,187 | $ 14,226 |
| Eight | 2Q 2002 | $ 63,698 | $ 17,009 |
| Nine | 3Q 2002 | $ 51,517 | $ 13,479 |
| Ten | 4Q 2002 | $ 59,483 | $ 15,571 |
| Eleven | 1Q 2003 | $ 57,609 | $ 15,249 |
| Twelve | 2Q 2003 | $ 63,655 | $ 17,087 |
| Thirteen | 3Q 2003 | $ 46,999 | $ 12,251 |
| Fourteen | 4Q 2003 | $ 44,440 | $ 11,626 |

All in violation of Title 26, United States Code, Section 7202, and Title 18, United States Code, Section 2.

## COUNT FIFTEEN
Conspiracy to Structure Financial Transactions
18 U.S.C. § 371

*The Conspiracy*

12.     From in or about January 1999, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including on or about November 30, 2001, in the District of New Hampshire, defendants,

Elaine A. Brown, and
Edward Lewis Brown,

did unlawfully, willfully, and knowingly combine, conspire, confederate and agree together and with each other, and with other individuals unknown to the Grand Jury, to commit certain offenses against the United States, to wit, knowingly and for the purpose of evading the reporting requirements of Section 5325 of Title 31, United States Code, and the regulations promulgated thereunder, to structure, assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, in violation of 31 U.S.C. § 5324(a)(3).

*Manner and Means*

13.     The manner and means by which the conspiracy was sought to be accomplished included breaking up single transactions above the currency transaction reporting threshold into two or more separate transactions for the purpose of evading the currency transaction reporting requirements.

*Overt Acts*

14.     In furtherance of the conspiracy and to achieve the objects thereof, the following overt acts (i.e., transactions), among others, were committed and caused to be committed in the

District of New Hampshire, on or about the dates listed below, in which the persons listed below as the "transactor," purchased postal money orders in the approximate amounts indicated from the United States Postal Service, a domestic financial institution:

| Date(s) | Transactor(s) | Amount |
| --- | --- | --- |
| May 25, 1999 | Defendant Elaine Brown and Defendant Edward Brown | $5,198 |
| November 19, 1999 | Defendant Elaine Brown and Defendant Edward Brown | $5,600 |
| November 29 and 30, 2000 | Defendant Edward Brown | $5,600 |
| February 26 and 27, 2001 | Defendant Edward Brown | $5,600 |
| April 27 and 28, 2001 | Defendant Elaine Brown | $5,600 |
| November 30, 2001 | Defendant Edward Brown | $5,600 |

All in violation of Title 18, United States Code, Section 371.

COUNTS SIXTEEN AND SEVENTEEN
Structuring; Aiding and Abetting
31 U.S.C. § 5324(a)(3); 18 U.S.C. § 2

15.     On or about the dates set forth below, in the District of New Hampshire, defendants,

Elaine A. Brown, and
Edward Lewis Brown,

as specified below in each of Counts Sixteen and Seventeen, did knowingly and for the purpose of evading the reporting requirements of Section 5325 of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring sums of money in excess of $3,000 through purchases of postal money orders, from the United States Postal Service, a domestic financial institution, and did so while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, as described below:

| Count | Defendant(s) | Date(s) | Description |
| --- | --- | --- | --- |
| Sixteen | Elaine Brown | April 27-28, 2001 | purchases of two groups of postal money orders each less than $3,000 but in an aggregate amount of approximately $5,600 |
| Seventeen | Elaine Brown and Edward Brown | November 30, 2001 | purchases of two groups of postal money orders each less than $3,000 but in an aggregate amount of approximately $5,600 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5325, and Title 18, United States Code, Section 2.

NOTICE
CRIMINAL FORFEITURE
31 U.S.C. § 5317(c)

16.     As a result of committing, and upon conviction of, any of the structuring-related offenses alleged in Counts Fifteen through Seventeen of this Indictment, the defendants,

Elaine A. Brown, and
Edward Lewis Brown,

shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c), any and all properties, real and personal, involved in the offenses and any and all properties traceable thereto.

Such properties shall include, but not be limited to, the following:

a.     All of that parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 27 Glen Road, W. Lebanon, New Hampshire, more particularly described as: the premises conveyed from the Appletree Trust to the A T T Trust by Warranty Deed dated August 9, 1997, and recorded at the Grafton County Registry of Deeds at Book 2285, Page 0677, a certain tract of land, together with the buildings and improvements thereon, shown on a Plan entitled "Annexation Plan, Former Merrihew Parcel to Former Welch Parcel, Bayne Stevenson, Glen Road, West Lebanon, N.H., consisting of two areas, the first containing approximately 34,200 square feet or .78 acre and the second containing approximately 8,230 square feet or .19 acre.

b.     All of that parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 401 Center of Town Road, Plainfield, New Hampshire, more particularly described as: the the premises conveyed from the Rock Solid Trust to the T Q S. Trust by Quitclaim Deed dated August 9, 1997, and recorded at the Sullivan County Registry of Deeds at Book 1137, Page127 and Book 1136, Page 480, a certain tract of land, together with the buildings and improvements thereon, shown on a Plan entitled "Location Survey, Goodwin Lot, Being Land of Land-East Corporation" drawn by Land-East Corporation/Atkinson-Davis Corporation, dated April 2, 1980, containing 103 acres more or less, and easement and right of way for passage, recorded at the Sullivan County Registry of Deeds at Book 932, Page 87.

If any of the above-described properties subject to forfeiture, as a result of any act or

omission of either defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property;

All in violation of Title 31, United States Code, Section 5317(c)(1)(A) and (B), Title 18 United States Code, Section 982(b) and Title 21, United States Code, Section 853(p).

                                        A TRUE BILL

April 5, 2006                              /s/ Foreperson
                                              Foreperson

THOMAS P. COLANTUONO
United States Attorney


By : /s/ William E. Morse
     William E. Morse
     Assistant United States Attorney