# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | | |
| ) | | |
| v.  ) | Criminal No. 1:06-cr-00071-SM | |
| ) | | |
| ELAINE A. BROWN, and ) | | |
| EDWARD LEWIS BROWN, ) | | |
| Defendants ) | | |
| _____ ) | | |

## JUDICIAL NOTICE AND MOTION TO DISMISS
## ALL CHARGES AND THE INDICTMENT FOR THIS CASE

The Defendants without representation by an attorney notice this court and all parties involved in the above captioned case, of their motion for the court to order the suppression of evidence. Officers of the court are hereby noticed of their continuing duty under authority of the supremacy; equal protection and full faith and credit clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519-421, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). In Haines: pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and instructions to repair pleadings. In Anastasoff: litigants' constitutional Rights are violated when courts depart from precedent where parties are similarly situated.

## JUDICIAL NOTICE AND MOTION TO DISMISS
## ALL CHARGES AND THE INDICTMENT FOR THIS CASE

Elaine A. Brown and Edward L. Brown, husband and wife, Defendants herein, move this court under authority of United States Constitution, Amendment VII, the Federal Rules of Criminal Procedure and settled case law to dismiss the indictment and all charges filed against them in this case. The Defendants have the absolute and unqualified right to demand that Judge Steven J. McAuliffe comply with United States Constitution Amendment VII and settled case law.

## MEMORANDUM AND FACTS

1.      The government and the prosecutor have failed to carry their burden to prove the defendants guilty by failing to enter sufficient facts and evidence into the record of this case.

2.      All federal judges and all U.S. Attorneys have an undeniable conflict of interest in all tax controversies that they proceed in.

3.      The prosecutor, William Morse, is a government agent paid by the United States and is thus not impartial. Personal financial conflicts of interest of federal employees are prohibited by 18 U.S.C. §208(a).

4.      Judge Steven McAuliffe is a government agent paid by the United States and is thus not impartial are prohibited by 18 U.S.C. §208(a) and lacks impartiality in any controversy between a citizen and the government.

5.      Judge Steven McAuliffe has ruled on facts and conclusions of law in this case.

6.      Judge Steven McAuliffe violated code of ethics in that he has a conflict of interest as he is paid by the United States, a party in this action.

7. The only persons qualified to sit as judges in federal cases in United States District Courts are those who are verified to reside in the district on federal territory that is subject to the disposition of Congress pursuant to authority granted in Article IV of the United States Constitution.

8. The first sentence of Chapter 5 Title 28 U.S.C. identifies the territorial composition of each district and division as the federal territory within the counties of the State on January 1, 1945: Sections 81-13 1 of this chapter show the territorial composition of districts and divisions by counties as of January 1, 1945. In those sections is found a mix of federal territories, States, insular possessions, and the federal district, which dictates limited court territorial composition as federal territory.

9. The United States Constitution is the "Supreme Law of the land."

10. Amendment VII to the United States Constitution protects the people's right to an impartial common law jury trial that has not been deliberately "manipulated" by officers of the court or other government employees to give unfair advantage to their employer, the United States. Amendment VII provides:

> ***In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.***

11. Conflict of interest by federal judges, such as Steven McAuliffe occurs because he is directly paid by the income tax under Subtitle A of the Internal Revenue Code.

12. Conflicts of interest of federal judges are prohibited by both 28 U.S.C. §455 and 28 U.S.C. §144.

13. Federal judges are government agents and they commit criminal acts if they

preside over any tax prosecution and then sentence a victim to prison.

14. Federal judges are political appointees who are beneficiaries of the tax laws. Any judge who is either paid by internal revenue taxes or who is beholden to IRS extortion is involved with a personal financial conflict of interest.

15. Judge Steven McAuliffe is suffering from a conflict of interest and has kept out of evidence all evidence brought by the defense which might be prejudicial against the income tax that pays his paycheck and his retirement.

16. Judge Steven McAuliffe is suffering from a conflict of interest and has kept out of court by denying witness subpoenas for witnesses sought by the defense which might be prejudicial against the income tax that pays his paycheck and his retirement.

17. Judge Steven McAuliffe is suffering from a conflict of interest and has denied all motions from the defense which might be prejudicial against the income tax that pays his paycheck and his retirement.

18. Judge Steven McAuliffe is paid from Subtitle A income tax and directly benefits from the extortion of the IRS

19. Judge Steven McAuliffe has a conflict of interest in the event he rules against the IRS or the Department of Justice in any tax-related proceeding.

20. The only judge who could properly rule on a matter concerning the income tax without having a blatant conflict of interest is a judge whose salary does not come from Congress or who is a volunteer, because over 41% of federal revenues now come from income taxes according to the Treasury Financial Management Service. The above judicial corruption is the very same injustice complained of in the Declaration of Independence. Now we have the same problem all over again and maybe its time for

- 5 -

another revolution, this time against the federal tyranny of our own government:

## CONCLUSION

**Wherefore**, judge, Steven McAuliffe and the prosecutor, William Morse, have conflicts of interest in that they are paid directly from the additional tax revenues they generate. Thus this matter is of paramount importance to all involved in this case. The Defendants request that judge McAuliffe issue an **ORDER** to dismiss all charges and the indictment in case number **1:06-cr-00071-SM**. Judge McAuliffe has a non-discretionary duty to grant this motion and (1) Order the dismissal of all charges and the fraudulent grand jury indictment filed in this matter; (2) Enjoin the United States from any further harassment of Elaine Brown and Edward Brown.

**ORAL ARGUMENT DEMANDED**

Date _____

Prepared and submitted by:

_____
Elaine A. Brown
c/o 401 Center of Town Road
Plainfield, New Hampshire

_____
Edward L. Brown
c/o 401 Center of Town Road
Plainfield, New Hampshire

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

I, **Edward L. Brown,** certify that I delivered via hand delivery, a true and correct copy of the above and foregoing **JUDICIAL NOTICE AND MOTION** to the office of the Clerk of Court U.S. District Court, District of New Hampshire, at 55 Pleasant St., Concord, NH 03301-0001 for entry into the record and to William E. Morse of THOMAS P. COLANTUONO, the United States Attorney for the District of (NH) located at 53 Pleasant St. Concord, NH 03301-0001.

Date _January 11, 2007_

_____
Edward L. Brown